UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ESAU,

           Plaintiff,

vs.                                             Case No.  3:09-cv-344-J-32MCR

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.**     **PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 24, 2004, alleging a period of disability beginning March 1, 2001.  (Tr. 63-65).  The Social Security Administration denied this application initially and on reconsideration.  (Tr. 36, 38).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on May 9, 2007.  (Tr. 667-702).  On August 29, 2007, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 12-22).  The Appeals Counsel denied Plaintiff's request for review (Tr. 4-6), rendering the ALJ's decision final.  20

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 11).

C.F.R. §§ 404.981, 422.210(a).  Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision.  (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claims to be disabled since March 1, 2001, due primarily to back pain sustained in an automobile accident.  (Tr. 673-74).

### B.    Summary of Evidence Before the ALJ

Plaintiff was last insured for DIB on December 31, 2006, at which time he was fifty-five (55) years of age.  (Tr. 63).  He has a high school education and past relevant work experience as a maintenance supervisor.  (Tr. 670-71).  Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On March 1, 2001, Plaintiff was involved in a motor vehicle accident.  Plaintiff was treated at the Putnam Community Medical Center complaining of head, back, neck, and shoulder pain.  (Tr. 169-96).  A cervical spine x-ray demonstrated chronic findings of degenerative changes with no overall abnormalities.  (Id.).  A thoracic spine x-ray indicated minimal degenerative changes with no overall effects or compression.  (Id.).  An MRI on the lumbar spine demonstrated degenerative discs at L5-S1, and a small central herniation with no impingement upon the nerve root.  (Tr. 202-04).  Physical therapy was recommended.  (Id.).

On November 4, 2003, Plaintiff was admitted to the North Florida Regional Medical Center and underwent a microdiskectomy left L5-S1 with use of microscope and micro surgical dissection.  (Tr. 259-67).  Plaintiff was restricted to light to medium

duty work and was directed to avoid repetitive bending, stooping, and twisting.  (Tr. 266-87).  Further surgery was discussed but Plaintiff declined.  (Id.).  On October 27, 2004, the Surgery Center of Ocala Pain Clinic diagnosed Plaintiff with chronic pain syndrome, possibly myofascial syndrome, and rule out cervical and lumbar disc disease.  (Tr. 287-323).

On April 4, 2005, Plaintiff was involved in a second motor vehicle accident and injured his left shoulder.  (Tr. 462-621).  An x-ray revealed mild to moderate spondylosis at L5-S1 with disc space narrowing that was suggestive of degenerative disc disease.  (Id.).  From April 28, 2005 through May 18, 2005, Plaintiff was treated at the Monahan Chiropractic Clinic with complaints of low back, shoulder, arm, and left hand pain.  (Tr. 335-44).  On December 21, 2005, Plaintiff presented at the Family Medical and Dental Centers with back pain.  The records indicate Plaintiff was in no acute distress without demonstrated effect.  (Tr. 456-61).

On June 6, 2005, Plaintiff was seen at the Veterans Administration Medical Center ("VAMC") for tension headaches, pilondial cyst, borderline hypertension, and low back pain.  (Tr. 345-79).  Plaintiff was treated at the VAMC  through October 13, 2006 and was assessed with microlytic anemia/depleted iron storage, iron deficiency anemia, borderline hypertension, low back pain with radiation to left hip and leg (negative x-ray evidence for degenerative joint disease), and tobacco abuse.   (Tr. 462-621).  The records noted Plaintiff to be non-compliant with prescription medications and follow ups.  (Id.).  A lumbar spine radiation study demonstrated no evidence of acute fracture or spondylolisthesis, vertebral bodies were normal, intervertebral disc space was narrowed

at L5-S12, and sacroiliac joints were asymmetrical with an impression of degenerative changes. (Id.). Plaintiff was prescribed Lortab and Flexeril. (Tr. 689).

### C. **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2001, the alleged onset date. (Tr. 14). At step two, the ALJ found Plaintiff suffered from the following severe impairments: back disorder (discogenic and degenerative) and anemia. (Tr. 14-15). At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of Regulation No. 4. (Tr. 15). At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC")[2] to perform a full range of light work.[3] (Tr. 15-21). In reaching Plaintiff's RFC, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of his alleged symptoms not completely credible. (Tr. 20-21).

At the May 9, 2007 hearing, the ALJ utilized the testimony of a vocational expert (the "VE"). The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations. Based on the hypothetical questions posed, the VE testified Plaintiff's past relevant work exceeded the ability of his RFC. (Tr. 21).

---

[2] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

The ALJ then asked the VE whether a person with Plaintiff's RFC could perform any other jobs existing in significant numbers in the national economy. The VE replied that a person with Plaintiff's RFC could perform other jobs, such as a spot cleaner, street sweep operator, or cleaner/touch-up worker. (Tr. 21-22, 696-99). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 22).

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991);

Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.     Issues on Appeal**

Plaintiff presents two issues on appeal: (1) whether the ALJ posed a proper hypothetical question to the VE (Doc. 16, pp. 5-8); and (2) whether the ALJ properly considered all of Plaintiff's impairments (Doc. 16, pp. 8-10).  The Court will consider each of these issues.

**1.     Whether the ALJ posed a proper hypothetical question to the VE.**

Plaintiff argues the ALJ erred by failing to formulate a proper hypothetical question to the VE.  As a result, the VE erroneously found Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy.  (Doc. 15, pp. 5-8).  In response, the Commissioner contends the ALJ properly elicited and relied on the VE's testimony that Plaintiff could perform other jobs and, therefore, substantial evidence supports the ALJ's decision that Plaintiff is not disabled.  (Doc. 17, pp. 8-10).

Here, the ALJ determined that Plaintiff retained the RFC to perform a full range of light work.[4]  (Tr. 15-21).  Consequently, the ALJ found Plaintiff could not perform his

---

[4]Again, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or
(continued...)

past relevant work as a maintenance engineer, which involved heavy[5] to very heavy work.[6]  After making this determination, the ALJ elicited testimony from a VE to determine whether Plaintiff, based on his age, education, past work experience, and RFC, was able to perform other work that exists in significant numbers in the national economy.  (Tr. 695); see Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) ("The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform.").  The VE testified that based on the ALJ's representations, Plaintiff could perform other light work jobs that all exist in significant numbers in the national economy.  (Tr. 695-96).  Specifically, Plaintiff could perform jobs as a spot cleaner, street sweeper operator, or cleaner/touch-up worker.  (Id.).

In his representations to the VE, the ALJ is not required to itemize limitations already implicit in the statutorily definition of level of light work.  See Ingram v. Comm'r

---

[4](...continued)
carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[5]"Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. § 404.1567(d).

[6]"Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, we determine that he or she can also do heavy, medium, light and sedentary work." 20 C.F.R. § 404.1567(e).

of SSA, 496 F.3d 1253 (11th Cir. 2007). Rather, the ALJ is required to present a hypothetical question which includes Plaintiff's age, education, work experience, and RFC. 20 C.F.R. § 404.1560(c)(1) ("We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience."). Here, the ALJ explicitly referred to an individual of Plaintiff's age, education, and work experience whom could perform light work and, in response, the VE identified three jobs which that individual was capable of performing. (Tr. 695-96). Plaintiff appears to suggest that the ALJ crafted his own definition of light work (Doc. 16, p. 6); however, the ALJ correctly restated the statutory definition of light work and cited the application regulation. (Tr. 15-16); see 20 C.F.R. § 404.1567(b).

Plaintiff also contends the ALJ's hypothetical question was deficient because it did not mention his amenia. (Doc. 16, p. 6). However, a proper hypothetical need not set forth medical diagnoses; rather, it must contain a claimant's physical or mental limitations. Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005). The ALJ is not required to include findings which are unsupported by the medical evidence. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Although Plaintiff suffers from anemia, he failed to demonstrate how his amenia prevents him from performing light level work. The ALJ is not required to speculate as to the functional limitations caused by Plaintiff's anemia.

Next, Plaintiff contends the hypothetical posed to the VE was deficient because it did not include "any limitations concerning the plaintiff's ability to concentrate, *if any*, because of the effects of pain or side effects of pain medication." (Doc. 16, p. 6)

(emphasis added). Again, the ALJ is not required to include limitations which are unsupported by the medical evidence. Here, Plaintiff denied any substantial difficulties in concentrating. See (Tr. 91, 103, 343, 393). Additionally, the record is devoid of any evidence that Plaintiff's medications limited his ability to concentrate. Therefore, Plaintiff's argument is without merit.

Plaintiff further alleges the ALJ did not question the VE "about which skills were transferable to light work duty and the [VE] never listed them." (Doc. 16, p. 7). Contrary to Plaintiff's argument, the following dialogue took place between the ALJ and the VE at the hearing on May 9, 2007:

> Q: Can you identify the skills that are being transferred to the three positions you've identified, the spot cleaner, street sweeper operator, and cleaner-touch up worker?
>
> A: Yes, that's actually - the work field of cleaning. The Dictionary of Occupational Titles divides their titles into various work fields and that particular work field is for - 031 cleaning.
>
> Q: So it would be basically knowledge about cleaning and material used including the tools used in cleaning.
>
> A: Correct.

(Tr. 698). Similarly, Plaintiff claims that the VE "did not have the number of jobs for two of the alterative job titles at the time of the hearing and she never supplied those numbers." (Doc. 16, p. 8). However, on May 9, 2007, the VE sent a letter to the ALJ and Plaintiff's counsel setting forth the job numbers for those particular positions. See (Tr. 65).

The Court finds the ALJ demonstrated that Plaintiff was capable of performing light level jobs which exist in significant number nationally, i.e. jobs as a spot cleaner,

street sweep operator, and cleaner/touch-up worker.  Plaintiff failed to prove he could not perform these light level jobs; therefore, substantial evidence supports the ALJ's finding that Plaintiff is not under a disability as defined by the Act.  See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) ("If the Commissioner can demonstrate that there are jobs the claimant can perform, the claimant must prove she is unable to perform those jobs in order to be found disabled.").

### 2. Whether the ALJ properly considered all of Plaintiff's impairments.

Plaintiff argues the ALJ erred by failing to properly consider the effects of all his impairments.  Specifically, he claims the ALJ failed to adequately address his subjective complaints of pain and the limitations related to his neck, shoulders, arms, and hands. (Doc. 16, pp. 8-10).  In response, the Commissioner contends the ALJ properly considered all of Plaintiff's impairments and correctly found he was capable of performing light level jobs which exist in significant numbers nationally.  (Doc. 17, pp. 11-13).

The Court will first address Plaintiff's argument that the ALJ failed to adequately address his subjective complaints of pain.  "In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  If it is determined that a claimant has a

medical condition that could reasonably give rise to the subjective symptoms alleged, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995).

"The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223; Foote, 67 F.3d at 1561.  Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony. Wilson, 284 F.3d at 1225; see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). When evaluating a claimant's subjective symptoms, the relevant factors include the following: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication; (6) measures used to alleviate pain or other symptoms; and (7) the claimant's functional limitations. 20 C.F.R. §§ 404.1529(c); see also Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished).

Here, the ALJ specifically referred to and considered these factors when considering Plaintiff's subjective complaints of pain. (Tr. 16). Additionally, the ALJ noted the following additional evidence undermined Plaintiff's claim of disabling pain: (1) absence of recent or frequent emergency room treatments, hospitalizations, or surgery; (2) absence of extensive chiropractic treatment, physical therapy, or hydrotherapy; (3) absence of prescribed ambulatory devises, lumbar corset, back brace, cervical collar, leg braces, wraps, TENS unit, or any other such apparatus; and (4) Plaintiff's recent acquisition of a retail store where he worked part time.[7] (Tr. 21). These reasons, taken together, are adequate reasons upon which to base a finding that Plaintiff's testimony regarding the severity of his pain was not completely credible. Furthermore, upon a thorough review of the entire record, the undersigned finds that the ALJ's reasons are supported by substantial evidence. See Dyer, 396 F.3d at 1212 (holding it is reversible error for district court to disturb the ALJ's adequately explained credibility finding).

Plaintiff also claims the ALJ failed to adequately discuss his neck, arms, hands, and left shoulder limitations. (Doc. 16, p. 9). The Court finds this argument without merit as the ALJ specifically stated the following:

> The claimant has alleged and the record has shown cervical spine pain, shoulder and arm pain, hand pain, hypertension, fibromyalgia, and headaches. While the claimant has subjectively complained of neck pain, the objective evidence has mentioned cervical strain and cervicalgia with degenerative changes without acute abnormal findings. There has been no

---

[7]Plaintiff testified that he became the sole owner of a thrift store in Palatka, Florida in August 2006. (Tr. 685). Each day, Plaintiff drives to and from his store where he works for a few hors in the morning and a few hours in the afternoon. (Tr. 685-86). He cleans the store, and ensures its inventory is presentable and in good working order. (Tr. 686).

> objective medical evidence to substantiate the shoulder and arm pain as alleged albeit there was mention of left hand paresthesia at the fifth digit. However, [Plaintiff] testified that he [is] able to lift a carton of milk as well as operating a recently purchased store where he does inventory; folds and hands clothing and makes minor electrical repairs that involves manipulation and dexterity.

(Tr. 14-15). Plaintiff failed to cite any medical evidence or otherwise identify any functional limitations related to his left shoulder, arms, or hands which the ALJ failed to address. Plaintiff alludes to his chiropractic treatment, but fails to explain how this evidences anything other than routine treatment for neck and back pain. (Tr. 380-446). Indeed, during the most recent chiropractic treatment in July 2005, Plaintiff reported that his pain intensity was "moderate" and did not vary much. (Tr. 382).

Finally, Plaintiff asserts the ALJ failed to discuss the effects of his pain medication specifically. (Doc. 16, p. 9). Again, Plaintiff offers no further argument or analysis regarding Plaintiff's alleged medication side effects or their resulting limitations. Therefore, this Court will not speculate as to Plaintiff's argument and will not require the ALJ to speculate as to Plaintiff's limitations. See Russell v. Astrue, 2009 U.S. Dist. LEXIS 19393, __ WL __ (M.D. Fla. 2009) ("[T]he plaintiff's failure to develop any argument showing that the law judge erred ... defeats her claim.").

Accordingly, after thorough review of the record as a whole, the Court finds substantial evidence supports the ALJ's determination that Plaintiff is capable of performing other light work jobs that exist in significant numbers in the national economy and is not under a disability as defined by the Act. See 20 C.F.R. § 404.1520(g).

**V.     CONCLUSION**

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of August, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party